JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Aspen American Insurance Company

**DEFENDANTS**
M. Cohen and Sons, Inc. t/a/ The Iron Shop, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul T. DeVlieger, Esq. DeVlieger Hilser PC
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102 (215) 735-9181

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec 1332
Brief description of cause:
Indemnity for Losses

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
482,078.42

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  3/5/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Aspen American Insurance Company 590 Madison Avenue, New York, NY 10022

Address of Defendant: M. Cohen & Sons, Inc. T/A The Iron Shop 400 Reed Road, Broomall, PA 19008

Place of Accident, Incident or Transaction: _____ Montgomery County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/5/2020    _____ *Attorney-at-Law / Pro Se Plaintiff*    63964    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify): _____*

**B.** **Diversity Jurisdiction Cases:**

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability -- Asbestos
- ☐ 9. All other Diversity Cases *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Paul T. DeVlieger , counsel of record *or pro se plaintiff, do hereby certify:*

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3/5/2020    _____ *Attorney-at-Law / Pro Se Plaintiff*    63964    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Aspen American Insurance Company | : | CIVIL ACTION |
| | : | |
| v. | : | |
| M. Cohen and Sons, Inc. t/a | : | |
| The Iron Shop, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

3/5/2020
**Date**
215-735-9181

**Attorney-at-law**
215-735-9186

Plaintiff, Aspen American Insurance Co.
**Attorney for**
pdevlieger@dvhlaw.com

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPEN AMERICAN INSURANCE COMPANY : | |
| 590 Madison Avenue : | |
| New York, NY 10022 : | |
| : | **COMPLAINT** |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | **CIVIL ACTION** |
| M. COHEN AND SONS INC., T/A : | **CASE NO.:** |
| THE IRON SHOP : | |
| 400 Reed Road : | |
| Broomall, PA 19008 : | |
| and : | |
| ALLEN COHEN : | |
| 827 Castlefinn Lane : | |
| Bryn Mawr, PA 19010 : | |
| and : | |
| SUSAN COHEN : | |
| 827 Castlefinn Lane : | |
| Bryn Mawr, PA 19010 : | |
| and : | |
| HOWARD COHEN : | |
| 245 Valley Ridge Road : | |
| Haverford, PA 10941 : | |
| and : | |
| EILEEN COHEN : | |
| 245 Valley Ridge Road : | |
| Haverford, PA 10941 : | |
| and : | |
| RONALD COHEN : | |
| 204 Lindberg Ave. : | |
| Broomall, PA 10941 : | |
| and : | |
| BARBARA COHEN : | |
| 204 Lindberg Ave. : | |
| Broomall, PA 10941 : | |
| and : | |
| SAMUEL COHEN : | |
| 1 Tyson Terrace : | |
| Lafayette Hill, PA 19444 : | |
| and : | |
| JANET COHEN : | |

| | |
|---|---|
| **1 Tyson Terrace** | : |
| **Lafayette Hill, PA 19444** | : |
| **and** | : |
| **H.R. SARASOTA, LLC** | : |
| **400 Reed Road** | : |
| **Broomall, PA 19008** | : |
| **and** | : |
| **PENMAWR-FLA, LLC** | : |
| **827 Castlefinn Lane** | : |
| **Bryn Mawr, PA 19010** | : |
| **and** | : |
| **H.R. REED ROAD, L.P.** | : |
| **400 Reed Road** | : |
| **Broomall, PA 19008** | : |
| **and** | : |
| **PENMAWR, L.P.** | : |
| **827 Castlefinn Lane** | : |
| **Bryn Mawr, PA 19010** | : |
| | : |
| **Defendants** | : |
| | : |

## PLAINTIFF, ASPEN AMERICAN SPECIALTY INSURANCE COMPANY'S, CIVIL ACTION COMPLAINT

NOW COMES, the Plaintiff, Aspen American Specialty Insurance Company, ("Aspen"),

by and through their undersigned counsel, DeVlieger Hilser, P.C., and hereby files this

Complaint against Defendants, M. Cohen and Sons, Inc. T/A The Iron Shop, ("MC&S"), Allen

Cohen, ("A.Cohen"), Susan Cohen, ("S.Cohen"), Howard Cohen, ("H.Cohen"), Eileen Cohen,

("E.Cohen"), Ronald Cohen, ("R.Cohen"), Barbara Cohen, ("B.Cohen"), Samuel Cohen, ("Sam

Cohen"), Janet Cohen, ("J.Cohen"), H.R. Sarasota, LLC, ("Sarasota"), Penmawr-FLA, LLC,

("Penmawr-FLA"), H.R. Reed Road, L.P., ("HR Reed") and Penmawr, L.P., ("Penmawr"),

(hereinafter collectively "the Indemnitors" and/or "the Indemnity Defendants"), and in support

thereof avers as follows:

2

## THE PARTIES

1.      Aspen is a corporation organized and existing under the laws of state of Texas with its principal place of business at 590 Madison Avenue, New York, New York 10022.

2.      MC&S is a corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business at 400 Reed Road, Broomall, PA 19008.

3.      A.Cohen is a citizen and resident of the state of Pennsylvania where he is domiciled.

4.      S.Cohen is a citizen and resident of the state of Pennsylvania where she is domiciled.

5.      H.Cohen is a citizen and resident of the state of Pennsylvania where he is domiciled.

6.      R.Cohen is a citizen and resident of the state of Pennsylvania where he is domiciled.

7.      B.Cohen is a citizen and resident of the state of Pennsylvania where she is domiciled.

8.      Sam Cohen is a citizen and resident of the state of Pennsylvania where he is domiciled.

9.      J.Cohen is a citizen and resident of the state of Pennsylvania where she is domiciled.

10.      Sarasota is a limited liability company with its principal office at 400 Reed Road, Broomall, Pennsylvania.  H.Cohen and R.Cohen are the only two members of Sarasota.  H. Cohen and R.Cohen both reside and are domiciled in Pennsylvania.  H.Cohen and R.Cohen are

3

both citizens of Pennsylvania. As such, Sarasota is a citizen of Pennsylvania.

      11.     Penmawr-FLA is a limited liability company with its principal office at 827 Castlefinn Lane, Bryn Mawr, Pennsylvania. Penmawr-FLA's sole member, A.Cohen, is a citizen of Pennsylvania. A.Cohen resides and is domiciled in Pennsylvania. As such, Penmawr-FLA is a citizen of Pennsylvania.

      12.     HR Reed is a limited partnership organized and existing under the laws of the state of Pennsylvania. HR Reed's general partner is Howard Reed Road, LLC, ("HRR"). HRR is a Pennsylvania limited liability company with its principal office at 400 Reed Road, Broomall, Pennsylvania. HRR's sole member, H.Cohen, is a citizen of Pennsylvania. H.Cohen resides and is domiciled in Pennsylvania. As such, HRR is a citizen of Pennsylvania. HR Reed's limited partner is Ronald Reed Road, LLC, ("RRR"). RRR is a limited liability company with its principal office 400 Reed Road, Broomall, Pennsylvania. RRR's sole member, H.Cohen, is a citizen of Pennsylvania. H.Cohen resides and is domiciled in Pennsylvania. As such, RRR is a citizen of Pennsylvania.

      13.     Penmawr is a limited partnership organized and existing under the laws of the state of Pennsylvania. Penmawr's general partner is Penmawr Corp. Penmawr Corp. is a corporation organized and existing under the laws of the state of Pennsylvania with its principal office at 827 Castlefinn Lane, Bryn Mawr, Pennsylvania. Penmawr's limited partner is A.Cohen. A.Cohen, is a citizen of Pennsylvania. A.Cohen resides and is domiciled in Pennsylvania. As such, Penmawr is a citizen of Pennsylvania.

4

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties and the matter in controversy exceeds the sum of $75,000.00 and none of the Defendants are citizens or residents of Texas or New York.

15.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the cause of action occurred within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

16.     On or about September 28, 2016, the Indemnitors executed a certain General Agreement of Indemnity, ("GIA") whereby, in consideration of Aspen furnishing bonds on behalf of MC&S, the Indemnitors agreed to, inter alia, save harmless and indemnify Aspen for any and all liability, loss, damages, costs, counsel and attorney fees incurred by Aspen by reason or in consequence of having issued any bonds on behalf of MC&S. A copy of the GIA is attached hereto as *Exhibit A*.

17.     The execution of the GIA by the Indemnitors took place in Montgomery Township, Pennsylvania.

18.     In consideration of and reliance on the execution of the GIA, Aspen issued Bond No. SU52453, (hereinafter "the MTA Bond") in the amount of $385,633.52 naming MC&S as principal and the New York Metropolitan Transportation Authority, ("NYMTA"), as Obligee to discharge a public improvement lien filed by Superior Steel Door & Trim, Inc., ("SSD&T"). A copy of the MTA Bond is attached hereto as *Exhibit B*.

19.     Similarly, in consideration and reliance on the execution of GIA, Aspen issued

5

Subdivision Performance Bond No. SU52455, (the "Marple Twp. Bond"), in the amount of $94,444.90 naming MC&S as principal and Marple Township as the Obligee. A copy of the Marple Twp. Bond is attached hereto as *Exhibit C*.[1]

20.    On January 16, 2020, Aspen issued a letter, (the "1/16/20 Letter"), to the Indemnitors titled "Request to Discharge Bond Exposure and Demand for Collateral" wherein, pursuant to the GIA, the Surety demanded full discharge and releases of all outstanding bonds and further demanded the Indemnitors provide Aspen with sufficient collateral to cover all undischarged liability under said bonds. A copy of said letter is attached hereto as *Exhibit D*.

21.    Aspen specifically demanded that the Indemnitors secure the full and complete discharge of the MTA Bond and the Marple Twp. Bond while noting that the active exposure on these bonds is Four Hundred Eighty-Two Thousand Seventy Eight Dollars and Forty-Two Cents, ($482,078.42).

22.    Aspen further advised the Indemnitors that the collateral must be in the form of an evergreen, irrevocable letter of credit naming Aspen as a beneficiary thereunder.

23.    Aspen specifically advised that the full/complete discharge of the Subject Bonds and the providing of collateral must occur within thirty-seven (37) days of receipt of the 1/16/20 Letter.

24.    At no time have the Indemnitors fulfilled their obligations under the GIA and satisfied the Surety's demands as set forth in the 1/16/20 Letter.

25.    On or about February 28, 2020, the Surety was advised by the NYMTA that it

---

[1]    Hereinafter, the MTA Bond and the Marple Twp. Bond shall collectively be referred to as "the Subject Bonds."

6

had no record of SSD&T's lien being satisfied, released or discharged.

26.    The NYMTA further noted that, per records from the Queens County Supreme

Court, SSD&T had commenced a third-party action to foreclose the lien.

**COUNT I**
**ASPEN AMERICAN INSURANCE COMPANY v. M. COHEN AND SONS INC., T/A**
**THE IRON SHOP, ALLEN COHEN, SUSAN COHEN, HOWARD COHEN, EILEEN**
**COHEN, RONALD COHEN, BARBARA COHEN, SAMUEL COHEN, JANET COHEN,**
**H.R. SARASOTA, LLC, PENMAWR-FLA, LLC, H.R. REED ROAD, L.P. and**
**PENMAWR, L.P.**

*__INDEMNIFICATION & REIMBURSEMENT__*

27.    Aspen hereby incorporates the allegations in all proceeding paragraphs as if the

same were set forth at length fully herein.

28.    Aspen has incurred, expenses, and attorneys' fees and set reserves in connection

with the Subject Bonds and the outstanding exposure the Surety faces as a result of the Subject

Bonds not being released and/or discharged.

29.    Pursuant to the terms of the GIA, Aspen is entitled to indemnification and

reimbursement from the Indemntiors in regard to all demands, liabilities, losses, costs, damages,

attorneys' fees and expenses of whatever kind or nature which arise by reason of, or in

consequence of having issued the Subject Bonds.

30.    The GIA provides that the Surety may by written demand require the

Indemnitors to secure within thirty (30) days the full and complete discharge of any and all

Bonds, ("Discharge Demand").

31.    The GIA further provides that within thirty-seven (37) days of the Surety's

Discharge Demand, the Indemnitors shall provide collateral to the Surety in the amount

7

representing the total of any undischarged liability under the Bonds as determined by the Surety in its sole discretion.

32.     Despite repeated demands from Aspen, the Indemnitors have failed and refused to cooperate or otherwise perform their obligations pursuant to the GIA to indemnify and hold harmless Aspen in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses in connection with the Bonds and/or post the collateral in as required by the GIA.

**WHEREFORE**, Plaintiff, Aspen American Specialty Insurance Company, demands judgment against Defendants, M. Cohen and Sons, Inc. T/A The Iron Shop, Allen Cohen, Susan Cohen, Howard Cohen, Eileen Cohen, Ronald Cohen, Barbara Cohen, Samuel Cohen, Janet Cohen, H.R. Sarasota, LLC, Penmawr-FLA, LLC, H.R. Reed Road, L.P., and Penmawr, L.P., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bonds, and for such further relief as the Court deems just and proper.

### COUNT II
### ASPEN v. M. COHEN and SONS, INC. T/A THE IRON SHOP

#### *COMMON LAW INDEMNIFICATION*

33.     Aspen hereby incorporates the allegations in all proceeding paragraphs as if the same were set forth at length fully herein.

34.     Aspen, as surety, is entitled to common law indemnification from MC&S, as

8

principal, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature which arise by reason of, or in consequence of having issued the Subject Bonds.

35.    Accordingly, upon demand from Aspen, MC&S is required to indemnify and reimburse Allied World for all claims, demands, damages, losses and costs incurred by reason or in consequence of having issued the Subject Bonds.

36.    Despite demand, MC&S, has failed and refused to perform its obligations to indemnify and reimburse Aspen in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses incurred by reason or in consequence of having issued the Subject Bonds.

**WHEREFORE**, Plaintiff, Aspen American Specialty Insurance Company, demands judgment against Defendants, M. Cohen and Sons, Inc. T/A The Iron Shop, Allen Cohen, Susan Cohen, Howard Cohen, Eileen Cohen, Ronald Cohen, Barbara Cohen, Samuel Cohen, Janet Cohen, H.R. Sarasota, LLC, Penmawr-FLA, LLC, H.R. Reed Road, L.P., and Penmawr, L.P., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bonds, and for such further relief as the Court deems just and proper.

9

## COUNT III
## ASPEN AMERICAN INSURANCE COMPANY v. M. COHEN AND SONS INC., T/A THE IRON SHOP, ALLEN COHEN, SUSAN COHEN, HOWARD COHEN, EILEEN COHEN, RONALD COHEN, BARBARA COHEN, SAMUEL COHEN, JANET COHEN, H.R. SARASOTA, LLC, PENMAWR-FLA, LLC, H.R. REED ROAD, L.P. and PENMAWR, L.P.

### *SPECIFIC PERFORMANCE*

37.     Aspen hereby incorporates the allegations in all proceeding paragraphs as if the same were set forth at length fully herein.

38.     As referenced above pursuant to the GIA, the Defendants, as Indemnitors, agreed to, inter alia, post security in the event that claims or demands were made against Aspen by reason of the issuance of the Subject Bonds and to deposit with Aspen, upon demand made therefor by Aspen, collateral in the amount representing the total of any undischarged liability under the Bonds as determined by the Surety.

39.     Despite demand, the Indemniors have failed and refused to perform their obligations pursuant to the GIA to post collateral.

40.     Accordingly, Aspen requests this Honorable Court enter a decree of specific performance directing the Indemnitors to perform in accordance with the GIA and post collateral in the amount of $482,078.42.

**WHEREFORE**, Plaintiff, Aspen American Specialty Insurance Company, demands judgment against Defendants, M. Cohen and Sons, Inc. T/A The Iron Shop, Allen Cohen, Susan Cohen, Howard Cohen, Eileen Cohen, Ronald Cohen, Barbara Cohen, Samuel Cohen, Janet Cohen, H.R. Sarasota, LLC, Penmawr-FLA, LLC, H.R. Reed Road, L.P., and Penmawr, L.P., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys'

10

fees and expenses of any nature sustained and continuing to be sustained, including, without

limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other

damages, all of the foregoing are continuing to accrue, as a consequence of having issued the

Bonds, and for such further relief as the Court deems just and proper.

**COUNT IV**
**ASPEN AMERICAN INSURANCE COMPANY v. M. COHEN AND SONS INC., T/A**
**THE IRON SHOP, ALLEN COHEN, SUSAN COHEN, HOWARD COHEN, EILEEN**
**COHEN, RONALD COHEN, BARBARA COHEN, SAMUEL COHEN, JANET COHEN,**
**H.R. SARASOTA, LLC, PENMAWR-FLA, LLC, H.R. REED ROAD, L.P. and**
**PENMAWR, L.P.**

***EXONERATION***

41.     Aspen hereby incorporates the allegations in all proceeding paragraphs as if the

same were set forth at length fully herein.

42.     As set forth above, the GIA provides in pertinent part, that the Indemnitors

agreed to indemnify and hold Aspen harmless from and against any and all liabilities.

43.     Aspen has received and continues to receive claims and allegations of

liability in connection with which, pursuant to the GIA, Aspen is entitled to exoneration from the

Indemnitors.

**WHEREFORE,** Plaintiff, Aspen American Specialty Insurance Company, demands

judgment against Defendants, M. Cohen and Sons, Inc. T/A The Iron Shop, Allen Cohen, Susan

Cohen, Howard Cohen, Eileen Cohen, Ronald Cohen, Barbara Cohen, Samuel Cohen, Janet

Cohen, H.R. Sarasota, LLC, Penmawr-FLA, LLC, H.R. Reed Road, L.P., and Penmawr, L.P.,

individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys'

fees and expenses of any nature sustained and continuing to be sustained, including, without

11

limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other

damages, all of the foregoing are continuing to accrue, as a consequence of having issued the

Bonds, and for such further relief as the Court deems just and proper.

DEVLIEGER HILSER, P.C.

DATED: March ⟨ , 2020

PAUL T. DEVLIEGER, ESQUIRE
ROBERT M. DUNN, ESQUIRE
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
T: (215) 735-9181; F: (215) 735-9186
E: pdvlieger@dvhlaw.com

12

ASPEN

General Agreement
Of Indemnity (GAI D)
("Agreement")

**ASPEN AMERICAN INSURANCE COMPANY**
Aspen Specialty Insurance Company
Rocky Hill, Connecticut 06067

This Agreement is entered into effective as of the 28ᵗʰ day of September 2016 by each of the undersigned indemnitors, for itself and for and on behalf of all of its subsidiary and affiliated companies, entities, divisions, and/or operating units, related limited liability companies, partnerships, and other business ventures or entities, however denominated, whether alone or in joint venture with others, wherever located and however structured or named, whether or not named herein or signing below, and whether created before or after the date of this Agreement, all as if they were named herein and had signed below, and their successors and assigns, whether the succession or assignment occurs voluntarily or by operation of law (individually "Indemnitor" or "Bond Principal" and collectively "Indemnitors" or "Bond Principals") in favor of Aspen American Insurance Company, Aspen Specialty Insurance Company, their successors and or assigns, and any co-surety, reinsurer, and/or any other company which may execute any Bond on behalf of one or more Indemnitors at the request of the Aspen sureties named herein (individually or collectively "Surety").

WHEREAS an Indemnitor, in fulfillment of requirements imposed upon it or to further its business interests, may desire or be required to execute, give, or procure surety bonds, undertakings, guarantees, and other obligations, including any bond(s) predating this Agreement ("Bond" or "Bonds"), and has requested or may request Surety to write such Bonds, or to renew, continue, and/or refrain from canceling Bonds, whether in its own name or one of its subsidiary or affiliated companies, entities, divisions or operating units, alone or in concert with others.

NOW THEREFORE, in consideration of Surety executing, renewing, continuing, and/or refraining from canceling Bonds for the benefit of any Indemnitor, including all of its present and/or future owned and or controlled subsidiaries and affiliates, entities, divisions and/or operating units, whether alone or in joint venture with others, and whether or not named herein, and their successors and assigns, Indemnitors agree as follows:

1. **Payment and Cooperation.** Indemnitors shall pay or cause to be paid to Surety promptly when due all agreed premium amounts. Indemnitors shall cooperate with Surety and provide Surety copies of requested documents as well as access to Indemnitors' books, records, personnel, and properties to allow Surety to: a) analyze, assess, and/or underwrite proposed bonds; b) investigate any claims against any Bonds; and/or to c) investigate at any time and as often as Surety deems appropriate, the Indemnitors' compliance with and/or status of performance of Indemnitors' obligations under this Agreement and the Bonds.

2. **Indemnity.** Indemnitors shall indemnify the Surety and save it harmless from and against any and all liabilities, claims, demands, payments, losses, damages, expenses, and costs to investigate and/or resolve claims which Surety may at any time incur or pay by reason of or arising out of its execution or non-execution of any Bonds. Indemnitors shall place the Surety in funds to meet all of its liability under any Bond, promptly upon written request and before the Surety may be required to make any payment thereunder. The duty to indemnify and hold harmless also includes, without limitation, payment of Surety's losses, attorney's fees and expenses, and consultant's fees and disbursements incurred and/or paid with respect to any Bond: a) to investigate and/or resolve claims against the Bonds; b) in any action or proceeding between Indemnitors and Surety; and or c) in any action or proceeding between Surety and any third party. The duty to indemnify and hold harmless exists whether or not the claim is made against Surety as a joint and or several obligor and whether or not Indemnitors or any of them is then liable to or demanded to make a payment. A copy of the claim, demand, voucher, invoice, and/or other evidence of the potential liability of and/or payment by the Surety shall be prima facie evidence of the fact and amount of Indemnitors' liability to Surety under this Agreement.

3. **Additional Indemnity Terms.** The Indemnitors shall remain bound under the terms of this Agreement even if Surety, with or without notice to or knowledge of Indemnitors, may have accepted or released other agreements of indemnity or collateral from one or more Indemnitors or others. The rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to any and all other rights, powers and remedies which Surety may have or acquire against Indemnitors or others by operation of law or otherwise. Unless expressly stated to the contrary, this Agreement is not intended to and shall not be deemed to supersede any other indemnity agreement between one or more Indemnitors and Surety. Upon Surety's written demand, Indemnitors shall promptly deposit with Surety a clean, irrevocable letter of credit ("ILOC") on a form and from a bank acceptable to Surety, or shall provide another form of collateral acceptable to Surety (individually and collectively, the "Collateral") in the amount of any reserve Surety establishes for any existing liability or claim, and or any expenses associated therewith, whether or not any assertion or payment of such liability, claim, or expense has been made at the time of the Surety's demand. Further, Indemnitors expressly and specifically agree that Surety in its sole discretion and for any reason may by written demand require Indemnitors to secure within thirty (30) days the full and complete discharge of any and all Bonds ("Discharge Demand"). Within thirty-seven (37) days of Surety's Discharge Demand, Indemnitors shall provide to Surety Collateral as defined herein in the amount representing the total of any undischarged liability under the Bonds as determined by the Surety in its sole discretion. In the event of any increases in Surety's undischarged liability, Indemnitors shall supplement the Collateral to match the increase.

   Surety shall have no obligation to release any Collateral provided to Surety, or remit to Indemnitors any interest or proceeds therefrom until Surety has received written releases or other documentation in form and substance satisfactory to Surety with respect to the discharge of Surety's obligations on all Bonds. Surety may apply the Collateral to any premium due, loss, cost and/or expense provided for in this Agreement. To the fullest extent allowed by law, Indemnitors waive any and all defenses or challenges to the provision of collateral pursuant to this Agreement. Indemnitors further expressly stipulate and agree that Surety will have no adequate remedy at law should Indemnitors fail to post any collateral required herein, and agree that Surety is entitled to specific performance of the obligation to post collateral.

4. **Defects.** If any intended indemnitor fails to execute this Agreement, or if the execution hereof by any Indemnitor shall be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any Indemnitor executing this Agreement.

5. **Claim Resolution.** Surety, in its sole discretion, shall have the right to resolve any claim, demand, and or assertion of liability arising out of a Bond, including claims in litigation or in another dispute resolution forum. Surety's resolution of any such claim shall be final and binding upon the Indemnitors. Indemnitors shall promptly reimburse Surety upon written demand for any payment by Surety arising from any Bond.

6. **Attorney-In-Fact.** Indemnitors irrevocably appoint and designate Surety as their attorney-in-fact to execute and to deliver any assignments, documents, agreements, instruments, and/or other documents Surety deems necessary and/or prudent to enforce Surety's rights under this Agreement.

7. **Declined Bonds.** Surety may decline at any time to execute any bond and Indemnitors shall make no claim to the contrary, regardless of any indication Surety may have expressed to Indemnitors or anyone else about Surety's intention to write any declined bond.

Page 1 of 5

**EXHIBIT**

A

8. **Changes, Waiver of Notice.** Surety is authorized and empowered, without notice to or knowledge of Indemnitors, to assent to any change whatsoever in Bonds and/or the contracts or obligations underlying any Bonds, including but not limited to changes in the time for performance and any continuations, extensions or renewals of Bonds, the execution of any substitute or substitutes therefor with the same or different conditions, provisions and obligees, and with the same or larger or smaller penalties. Indemnitors specifically and expressly agree that they shall remain bound under the terms of this Agreement even though any such assent by Surety does or might substantially increase the liability of the Indemnitors. Indemnitors expressly waive any claim of entitlement to notice of: a) the execution of Bonds; b) acceptance of this Agreement; c) default under the Bonds or this Agreement; and/or d) any acts giving rise to or constituting a bond claim or liability of Surety under the Bonds.

9. **Prospective Termination.** This Agreement may be terminated with respect to an Indemnitor only to a limited extent, as follows: a) by a written notice from such Indemnitor; b) effective thirty (30) days after receipt by Surety of such notice from Indemnitor sent by registered mail to Surety's offices at: Aspen American Insurance Company, 175 Capital Boulevard, Rocky Hill, Connecticut 06067, ATTN: Surety, or such other address Surety may in writing provide for this purpose; and c) subject to the conditions that: i) a notice of termination shall not operate to release, terminate, modify, bar, or otherwise discharge or reduce such Indemnitor's obligations to Surety for Bonds Surety executes or approves prior to the effective date of termination under this provision; ii) termination is effective only as to such Indemnitor providing written notice of termination in accordance with this paragraph; and iii) termination has no effect upon the obligations of the other Indemnitors under this Agreement.

10. **Severability.** If any provision(s) of this Agreement shall be declared void or unenforceable for any reason, this Agreement shall not be rendered void thereby, but to the fullest extent allowed by law shall be construed and enforced with the same effect as though such provision(s) were omitted.

11. **Choice of Law and Forum.** It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed, and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. Indemnitors agree that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consent to the personal jurisdiction and venue of any local, state or federal court located therein.

12. **Security Interest and Agreement.** This Agreement constitutes both a Security Agreement and Financing Statement in favor of Surety under the Uniform Commercial Code (the "UCC") and all similar laws without in any way abrogating, restricting, or limiting Surety's rights, whether under this Agreement, at law or in equity. Upon the occurrence of a default by any or all Indemnitors under this Agreement or one or more of the Bonds, and/or a declaration of a default by an obligee on one or more Bonds, Surety is hereby authorized without notice to Indemnitors to perfect its rights under the UCC and other applicable laws by filing a copy of this Agreement and/or other required documents. Indemnitors further agree to execute and deliver such other documents upon Surety's request to permit the perfection of Surety's security interest.

13. **Assignment.** Upon the occurrence of a default by any or all Indemnitors under this Agreement or one or more Bonds, and/or a declaration of a default by an obligee on one or more Bonds, Indemnitors hereby assign, transfer, and convey to Surety all of their rights, title and interest in Indemnitors' property, wherever located, including but not limited to: proceeds and products, goods, accounts, equipment, instruments, chattel paper, deposit accounts, securities, letters of credit, commodity accounts or contracts, rights to payment of money under contracts, and general intangibles, permits, licenses, conveyors, equipment, rolling stock, contracts, claims and rights under contracts, insurance policies and/or surety bonds, ("Property"). Surety shall have the right, but not the obligation, to: a) take possession of any Property and or work under any contract underlying the Bonds; b) take possession of and use equipment, permits, licenses, records, and other Property, to investigate and/or fulfill any obligations under any Bonds and/or this Agreement; c) assert or settle claims in the name of one or more Indemnitors; and d) execute documents in the name of Indemnitors to fulfill or pursue obligations under the Bonds and/or this Agreement.

14. **Joint and Several Obligations.** Each Indemnitor is jointly and severally bound by the terms and conditions herein, whether or not each has executed this Agreement separately or has signed in a representative capacity.

15. **Electronic Transmission, Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be an original but all of which together shall constitute one instrument. Each counterpart may consist of a number of copies hereof, each signed by less than all, but together signed by all Indemnitors. This Agreement bearing the signature of the Indemnitors shall be valid, effective, and enforceable whether received by the Surety as an original or as an electronic or facsimile transmission.

IN WITNESS WHEREOF, Indemnitors have signed this Agreement effective as of the date stated above in the first paragraph of this Agreement.

<u>Signing Instructions</u>: **Corporate Indemnitors** must sign by both the corporate secretary and another corporate officer; **Limited Liability Companies** must sign by the managing member(s) or official(s); **Partnerships** must sign by a managing partner; **Individuals** must sign individually.

Each of the undersigned hereby expressly represents and affirms to Surety with respect to any business entity in whose behalf he or she is executing this Agreement as an Indemnitor that he or she: 1) is a corporate secretary or duly authorized officer, manager, official, or partner of the business entity; 2) is familiar with the documents setting forth and establishing the rights governing the affairs, powers, and authority of such business entity including, as applicable, the certificate or articles of incorporation or organization, bylaws, corporate resolutions, partnership, and/or limited liability agreements of the business entity; 3) has reviewed all such applicable documents and instruments and such other facts deemed appropriate; 4) has established for himself or herself that the business entity has the power and authority to enter into this Agreement for its intended purposes, and 5) is duly authorized by the business entity to execute this Agreement on its behalf.  **Complete Below Where Applicable**

Indemnitor #1

CORPORATE INDEMNITOR: M. Cohen and Sons, Inc. T/A The Iron Shop

M. Cohen and Sons, Inc., for itself and for and on behalf of all of its subsidiary and affiliated companies, entities, divisions, and or operating units, related limited liability companies, partnerships, and any other business venture or entity, however denominated, whether alone or in joint venture with others, wherever located and however structured or named, whether or not named herein, and whether created before or after the date of this Agreement, as if they were named herein and had signed below, and their successors and assigns, whether the succession or assignment occurs voluntarily or by operation of law.

Tax ID #:
Address: 400 Reed Road
         Broomall, PA 19008

By: _____  *(Seal)*         First of two required signatures

Name: ALLEN J. COHEN
Title: PRESIDENT

By: _____                   Second of two required signatures

Name: SAMUEL COHEN
Title: S.V.P.

ACKNOWLEDGMENT

State of Pennsylvania

County of Montgomery

On this 28th day of Sept., 2016, before me personally appeared Allen Cohen to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the _____ of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein; c) knows the seal of said Corporate Indemnitor; d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

ACKNOWLEDGMENT

State of Pennsylvania

County of Montgomery

On this 29th day of Sept., 2016, before me personally appeared Samuel Cohen to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the S.V.P. of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein; c) knows the seal of said Corporate Indemnitor; d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

INDIVIDUAL INDEMNITOR: Allen Cohen          Indemnitor #2

                                           Social Security Number:

Name: Allen Cohen
Address: 827 Castlefinn Lane
         Bryn Mawr, PA, 19010          INDIVIDUAL ACKNOWLEDGEMENT

State of Pennsylvania

County of Montgomery

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

On this 28th day of Sept., 2016, before me personally appeared Allen Cohen to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

INDIVIDUAL INDEMNITOR: Susan Cohen                    Indemnitor #3

Name: Susan Cohen                                     Social Security Number:
Address: 827 Castlefinn Lane
         Bryn Mawr, PA, 19010

State of _Pennsylvania_                INDIVIDUAL ACKNOWLEDGEMENT

County of _Montgomery_

    On this 28th day of _Sept_, 20 16 , before me personally appeared _SUSAN COHEN_ to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                                      _Barbara Coull Emery_
                                                      (Signature of Notary Public)
                                                      My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018


INDIVIDUAL INDEMNITOR: Howard Cohen                   Indemnitor #4

Name: Howard Cohen                                    Social Security Number:
Address: 245 Valley Ridge Road
         Haverford, PA, 109041

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

State of _Pennsylvania_                INDIVIDUAL ACKNOWLEDGEMENT

County of _Montgomery_

    On this 29th day of _Sept_, 20 16 , before me personally appeared _HOWARD COHEN_ to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                                      _Barbara Coull Emery_
                                                      (Signature of Notary Public)
                                                      My Commission expires: 10/12/2018


INDIVIDUAL INDEMNITOR: Eileen Cohen                   Indemnitor #5

Name: Eileen Cohen                                    Social Security Number:
Address: 245 Valley Ridge Road
         Haverford, PA, 109041

State of _Pennsylvania_                INDIVIDUAL ACKNOWLEDGEMENT

County of _Montgomery_

    On this 29th day of _Sept_, 20 16 , before me personally appeared _EILEEN COHEN_ to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                                      _Barbara Coull Emery_
                                                      (Signature of Notary Public)
                                                      My Commission expires: 10/12/2018

**INDIVIDUAL INDEMNITOR:** Ronald Cohen                               Indemnitor #6

Name: Ronald Cohen                               Social Security Number:
Address: 204 Lindbergh Avenue
         Broomall, PA 109041

COMMONWEALTH OF PENNSYLVANIA

| NOTARIAL SEAL |
| BARBARA COULL EMERY |
| Notary Public |
| LOWER MERION TWP, MONTGOMERY COUNTY |
| My Commission Expires Oct 12, 2018 |

State of Pennsylvania                    INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

On this 29th day of Sept, 2016, before me personally appeared RONALD COHEN, to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

Barbara Coull Emery
(Signature of Notary Public)
My Commission expires: 10/12/2018

**INDIVIDUAL INDEMNITOR:** Barbara Cohen                               Indemnitor #7

Name: Barbara Cohen                               Social Security Number:
Address: 204 Lindbergh Avenue
         Broomall, PA 109041

State of Pennsylvania                    INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

On this 29th day of Sept, 2016, before me personally appeared BARBARA COHEN, to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

Barbara Coull Emery
(Signature of Notary Public)
My Commission expires: 10/12/2018

**INDIVIDUAL INDEMNITOR:** Samuel Cohen                               Indemnitor #8

Name: Samuel Cohen                               Social Security Number:
Address: 1 Tyson Terrace
         Lafayette Hill, PA 19444

COMMONWEALTH OF PENNSYLVANIA

| NOTARIAL SEAL |
| BARBARA COULL EMERY |
| Notary Public |
| LOWER MERION TWP, MONTGOMERY COUNTY |
| My Commission Expires Oct 12, 2018 |

State of Pennsylvania                    INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

On this 29th day of Sept, 2016, before me personally appeared SAMUEL COHEN, to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

Barbara Coull Emery
(Signature of Notary Public)
My Commission expires: 10/12/2018

INDIVIDUAL INDEMNITOR: Janet Cohen                     Indemnitor #9

_Janet Cohen_                                          Social Security Number:

Name: Janet Cohen
Address: 1 Tyson Terrace
       Lafayette Hill, PA 19444

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018
```

State of _Pennsylvania_                    INDIVIDUAL ACKNOWLEDGEMENT
County of _Montgomery_

      On this _29th_ day of _Sept_, 20 _16_, before me personally appeared _JANET COHEN_ to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                             _Barbara Coull Emery_
                                           (Signature of Notary Public)
                                       My Commission expires: _10/12/2018_

---

LIMITED LIABILITY COMPANY INDEMNITOR: H.R. Sarasota LLC               Indemnitor #10

Tax ID #: 20-1390240
Address:

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018
```

By: _Howard Cohen_
Name: HOWARD COHEN
Title: PRESIDENT

                     ACKNOWLEDGMENT

State of
County of
      On this _29th_ day of _Sept_, 20 _16_, before me personally appeared _HOWARD COHEN_, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the _PRESIDENT_ of Limited Liability Company Indemnitor (the "LLC"); b) executed the above Agreement on behalf of the LLC as the free and voluntary act and deed of said LLC for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the LLC.

                                             _Barbara Coull Emery_
                                       (Signature of Notary Public)
                                       My Commission expires: _10/12/2018_

---

LIMITED LIABILITY COMPANY INDEMNITOR: Penmawr-FLA, LLC               Indemnitor #11

Tax ID #: 20-1390079
Address:

By:
Name: ALLEN COHEN
Title: PRESIDENT

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018
```

State of _Pennsylvania_                    ACKNOWLEDGMENT
County of _Montgomery_

      On this _28th_ day of _Sept_, 20 _16_, before me personally appeared _ALLEN COHEN_, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the _President_ of Limited Liability Company Indemnitor (the "LLC"); b) executed the above Agreement on behalf of the LLC as the free and voluntary act and deed of said LLC for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the LLC.

PARTNERSHIP INDEMNITOR: H.R. Reed Road, L.P.     Indemnitor #12
By: Howard Reed Road, LLC and Ronald Reed Road, LLC, General Partners

Tax ID #:16-1622917
Address:

By: _Howard Cohen_____

Name: HOWARD COHEN
Title: PRESIDENT

```
COMMONWEALTH OF PENNSYLVANIA
          NOTARIAL SEAL
      BARBARA COULL EMERY
          Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
  My Commission Expires Oct 12, 2018
```

ACKNOWLEDGMENT

State of Pennsylvania

County of Montgomery

On this 29ᵗʰ day of Sept, 20/6 , before me personally appeared HOWARD COHEN, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the PRESIDENT of Partnership Indemnitor; b) executed the above Agreement on behalf of the Partnership Indemnitor as the free and voluntary act and deed of said Partnership Indemnitor for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the Partnership Indemnitor.

_Barbara Coull Emery_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

ACKNOWLEDGMENT

State of

County of

On this     day of      , 20    , before me personally appeared          , to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the          of Partnership Indemnitor; b) executed the above Agreement on behalf of the Partnership Indemnitor as the free and voluntary act and deed of said Partnership Indemnitor for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the Partnership Indemnitor.

_____
(Signature of Notary Public)
My Commission expires:

PARTNERSHIP INDEMNITOR: Penmawr, L.P.     Indemnitor #13
By: Penmawr Corp., Sole General Partner

Tax ID #:47-0872404
Address:

By: _____

Name: ALLEN COHEN
Title: PRESIDENT

ACKNOWLEDGMENT

State of Pennsylvania

County of Montgomery

On this 29ᵗʰ day of Sept, 20/6 , before me personally appeared ALLEN COHEN, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the PRESIDENT of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein; c) knows the seal of said Corporate Indemnitor; d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

_Barbara Coull Emery_____
(Signature of Notary Public)

My Commission expires: *10/12/2018*

ACKNOWLEDGMENT

State of *Pennsylvania*

County of *Montgomery*

On this *28th* day of *Sept*, 20 *16* , before me personally appeared *ALLEN COHEN*, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the *President* of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein; c) knows the seal of said Corporate Indemnitor; d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

*Barbara Coull Emery*

(Signature of Notary Public)

My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

Bond #SU52453

IN THE MATTER THE APPLICATION OF
M. COHEN AND SONS, INC.  PETITIONER,

TO  DISCHARGE  A CERTAIN PUBLIC IMPROVEMENT  LIEN FILED BY
SUPERIOR STEEL DOOR & TRIM, CO. , INC.

KNOW ALL MEN BY THESE PRESENTS, That we,  __M.Cohen and Sons, Inc.__   as
Principal and  __Aspen American Insurance Company,__  a corporation organized under
the laws of the State of <u>Texas,</u> having an office and place of business at 175 Capital
Blvd., Rocky Hill, Ct 06067, and duly authorized to transact business under the laws of
the State of New York, as Surety, are held and firmly bound unto **METROPOLITAN
TRANSPORTATION AUTHORITY**, as Obligee in the sum of  __Three Hundred
Eighty Five Thousand Six Hundred Thirty Three and 52/100 ($385,633.52)
DOLLARS,__ lawful money of the United States, for payment of which well and truly to
be made, to said Obligee, his successors or assigns, jointly and severally, firmly by these
presents with respect to property situated at **Contract No. C-26010: Station Finishes,
Mechanical, Electrical and Plumbing and Ancillary Buildings and Entrances for the
Construction of the New Second Avenue Subway 96th Street Station, Borough of
Manhattan.**

SEALED WITH OUR SEALS, and dated this <u>2nd</u> day of <u>May, 2017.</u>

WHEREAS <u>Superior Steel Door & Trim Co., Inc.</u>  filed notice of Public Improvement
Lien in the sum of **Three Hundred Fifty Thousand Five Hundred Seventy Five and
93/100 ($350,575.93) DOLLARS** on the <u>14th</u> day of <u>April , 2017 .</u>

WHEREAS, pursuant to Section 19 of the New York Lien Law, the aforesaid notice of
Public Improvement Lien may be discharged by the filing of a surety bond conditioned
for the payment of any judgment that may be rendered against the property for the
enforcement of the lien in the penal sum not less than one hundred ten percent of the lien.

NOW, THEREFORE, the condition of this obligation is such that if the above bounden
**M. Cohen and Sons, Inc.**, its successors and assigns shall well and truly pay any
judgment which may be rendered against said property for the enforcement of said lien
not exceeding the sum of **Three Hundred Eighty Five Thousand Six Hundred Thirty
Three and 52/100 ($385,633.52) DOLLARS,** then this obligation shall be void;
otherwise to remain in full force and effect.

M. Cohen and Sons, Inc.                    Aspen American Insurance Company
                PRINCIPAL                                           SURETY

BY:_____        BY:_____
                                          Steven M Vitorino, Attorney-in-Fact

**EXHIBIT**

B



**ASPEN**

Aspen American Insurance Company
175 Capital Boulevard
Rocky Hill, CT 06067

**SUBDIVISION
PERFORMANCE
BOND**
(Annual Premium until Released by Obligee)

Bond No.: SU52455

KNOW ALL PERSONS BY THESE PRESENTS, That we, M. Cohen & Sons, Inc., called the Principal, and Aspen American Insurance Company, a Texas corporation, called the Surety, are held and firmly bound unto Marple Township , called the Obligee, in the sum of Ninety Six Thousand Four Hundred Forty Four Dollars and 90/100 ( $96,444.90 ) for the payment thereof said Principal and Surety bind themselves, jointly and severally, as provided herein.

WHEREAS, in order to file a plat or subdivision map, or to obtain a permit, the Principal has entered into a contract with the Obligee which requires the Principal make certain improvements to the land as more particularly set forth in 396 & 400 Reed Road (hereinafter referred to as the "Contract").

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall construct the improvements described in the Contract on or before August 31, 2018 (or within such further extensions of time that shall be granted by Obligee in writing and consented to in writing by Surety), then this obligation shall be void, otherwise to remain in full force and effect. This obligation is subject to the following conditions:

1. This bond runs to the benefit of the named Obligee only, and no other person shall have any rights under this bond. No claim shall be allowed against this bond after the expiration of one year from the date set forth in the preceding paragraph, or one year from the end of the latest extension of time consented to in writing by Surety, whichever occurs last. If the limitation set forth in this bond is void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

2. This bond is not a forfeiture obligation, and in no event shall the Surety's liability exceed the reasonable cost of completing the improvements described in the Contract not completed by the Principal, or the sum of this bond, whichever is less.

Signed this 19th day of January , 2018

(Principal)

By: _____

Aspen American Insurance Company

By: _Gail M. Perrin_____
       Gail M. Perrin , Attorney-in-Fact

**EXHIBIT**

tabbies*    C



ASPEN

Aspen American Insurance Company
175 Capital Boulevard, Rocky Hill, CT 06067

## POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS, THAT Aspen American Insurance Company, a corporation duly organized under the laws of the State of Texas, and having its principal offices in Rocky Hill, Connecticut, (hereinafter the "Company") does hereby make, constitute and appoint: Steven M. Vitorino; Shelly L. Andrade; Gail M. Perrin of USI Insurance Services LLC its true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge on behalf of the Company, at any place within the United States, the following instrument(s) by his/her sole signature and act: any and all bonds, recognizances, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto, and to bind the Company thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Company. All acts of said Attorney(s)-in-Fact done pursuant to the authority herein given are hereby ratified and confirmed.

This appointment is made under and by authority of the following Resolutions of the Board of Directors of said Company effective on April 7, 2011, which Resolutions are now in full force and effect;

VOTED: All Executive Officers of the Company (including the President, any Executive, Senior or Assistant Vice President, any Vice President, any Treasurer, Assistant Treasurer, or Secretary or Assistant Secretary) may appoint Attorneys-in-Fact to act for and on behalf of the Company to sign with the Company's name and seal with the Company's seal, bonds, recognizances, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said Executive Officers at any time may remove any such appointee and revoke the power given him or her.

VOTED: The foregoing authority for certain classes of officers of the Company to appoint Attorneys-in-Fact by virtue of a Power of Attorney to sign and seal bonds, recognizances, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, as well as to revoke any such Power of Attorney, is hereby granted specifically to the following individual officers of Aspen Specialty Insurance Management, Inc.:

Michael Toppi, Executive Vice President, Scott Sadowsky, Senior Vice President, Kevin W. Gillen, Senior Vice President, Mathew Raino, Senior Vice President, Ryan Field, Senior Vice President; Timothy P. Griffin, Vice President, Casey Sullivan, Vice President, Keith Flannery, Vice President, Mary M. Durosko, Vice President, Frank Campiglia, Vice President and Ray Philippon, Assistant Vice President.

This Power of Attorney may be signed and sealed by facsimile (mechanical or printed) under and by authority of the following Resolution voted by the Boards of Directors of Aspen American Insurance Company, which Resolution is now in full force and effect:

VOTED: That the signature of any of the Officers identified by title or specifically named above may be affixed by facsimile to any Power of Attorney for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any and all consents incident thereto, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company. Any such power so executed and certified by such facsimile signature and/or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking so executed.

IN WITNESS WHEREOF, Aspen American Insurance Company has caused this instrument to be signed and its corporate seal to be hereto affixed this 27th day of February, 2017.

STATE OF CONNECTICUT

SS. ROCKY HILL

COUNTY OF HARTFORD

Aspen American Insurance Company

Keith Flannery, Vice President

On this 27th day of February, 2017 before me personally came Keith Flannery, Vice President to me known, who being by me duly sworn, did depose and say; that he/she is Assistant Vice President of Aspen American Insurance Company, the Company described in and which executed the above instrument; that he/she knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; and that he/she executed the said instrument on behalf of the Company by authority of his/her office under the above Resolutions thereof.

Notary Public

My commission expires:  December 7, 2020

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Robin S. Kanaskie
West Whiteland Twp, Chester County
My Commission Expires 12/07/2020

## CERTIFICATE

I, the undersigned, Keith Flannery, of Aspen American Insurance Company, a stock corporation of the State of Texas, do hereby certify that the foregoing Power of Attorney remains in full force and has not been revoked; and furthermore, that the Resolutions of the Boards of Directors, as set forth above, are now and remain in full force and effect.

Given under my hand and seal of said Company, in Rocky Hill, Connecticut, this 9th day of January    , 2018

By:

Name:  Keith Flannery, Vice President

* For verification of the authenticity of the Power of Attorney you may call (860) 760-7728 or email Patricia.Taber@aspen-insurance.com



ASPEN

## REPLACEMENT BOND INSTRUCTIONS

      The following instructions, which contain the Acceptance, along with the Release and Discharge language, should be forwarded to the replacement bond surety for insertion of said language directly into the bonds which will be replacing the bonds of Aspen American Insurance Company:

**ACCEPTANCE LANGUAGE** (to be included directly on the replacement bond):

"_____, the duly authorized _____ of the Obligee herein accepts
     (Name)                        (Title)
this bond as a replacement for the bond that was previously provided to it by Aspen American Insurance Company.

By: _____    Date: _____ "

## RELEASE AND DISCHARGE LANGUAGE

The following paragraph should be included in and made a part of the replacement bond:

     "Pursuant to its acceptance of this replacement bond, _____, the Obligee herein certifies that Aspen American Insurance Company ("AAIC") is fully released and discharged, and exonerated, of any past, present or future obligation it may have under bond number _____ (the released AAIC bond). It is further agreed that this obligation and liability is in replacement of, and not in supplementation to, said released bond."

BANK LETTERHEAD (Issuing Bank)

## CLEAN IRREVOCABLE LETTER OF CREDIT

TO:    Beneficiaries:
       **Aspen American Insurance Company,** for itself, and on behalf of its parents,
       affiliates, subsidiaries, successors and assigns
       175 Capital Boulevard
       Rocky Hill, Connecticut 06067
       Attn: SURETY

Applicant:_____          Expiration Date: _____

       _____

       _____


Ladies and Gentlemen:

We hereby establish this CLEAN, IRREVOCABLE LETTER OF CREDIT ("Credit") in
your favor as Beneficiaries (referred to herein as "you" or "your") and authorize you to
draw on us up to the aggregate amount of                  United States Dollars ($          )
effective immediately. This Credit is issued, presentable and payable at our offices at:
                        (insert the issuing Bank's address here - *must be a US*
*address)*. After this Credit has been issued, it cannot be revoked, amended or reduced
without your written acknowledgment and consent.

The term "Beneficiaries" includes any successor by operation of law of the named
Beneficiaries including, without limitation, any liquidator, rehabilitator, receiver or
conservator.

We hereby undertake to fully and promptly honor each of your sight drafts drawn on us
under this Credit, for all or any part of this Credit, if presented to us at our office identified in
the first paragraph above on or before the close of business on the expiration date of or any
automatically extended expiration date. If you so choose, you will be able to draw on this
Credit more than once, without amendment, provided that the sum of the amounts that you have
drawn does not exceed the full amount of this Credit.

This Credit sets forth in full the terms of our undertaking, and such undertaking shall not in
any way be modified, amended or amplified by reference to any note, document,
instrument or agreement referred to herein or in which this Credit is referred to or to which
the Credit relates and any such reference shall not be deemed to be incorporated herein by
reference. Our obligation as issuing bank under this Credit is not subject to any condition
or qualification, is our sole, individual obligation, and is in no way contingent upon
reimbursement with respect thereto or upon our ability to perfect any lien, security interest
or any other reimbursement.

It is a condition of this Credit that it shall be deemed to be automatically extended, without amendment, for successive one year periods from the stated expiration date, or any future expiration date, unless we have notified you in writing by registered mail or overnight mail carrier, not less than sixty (60) days prior to the then applicable expiration date, that we elect not to renew this Credit. In that event, you may draw your sight draft on us under this Credit on or before the close of business on the then applicable expiration date, up to the full amount then available under this Credit. Our notice of election not to renew shall be sent by registered mail or overnight mail carrier to: Aspen American Insurance Company, 175 Capital Boulevard, Rocky Hill, Connecticut 06067, Attn: SURETY.

We hereby represent and affirm that the execution of this Credit will not constitute a violation of any law or regulation which may limit the amount of credit which can be extended by this bank to any single borrower or customer.

This Credit is subject to and governed by the Uniform Customs and Practice for Documentary Credits (2007 Revision), International Chamber of Commerce Publication No. 600, with the exception that, and notwithstanding the language of Article 36 of said Publication 600, if this Credit expires during an interruption of business as described in said Publication 600, we agree to effect payment on this Credit if drawn against within thirty (30) calendar days after the place for presentation reopens for business.

Sincerely,

(ISSUING BANK)

By: _____

Name:

Title:

Duly Authorized Signatory

Phone:



Aspen Insurance
175 Capital Boulevard
Suite 100
Rocky Hill, CT 06067

**T** +1 860 760 7700
www.aspen-insurance.com

**VIA FEDERAL EXPRESS**
January 16, 2020

Allen J. Cohen, President
M. Cohen and Sons, Inc. T/A The Iron Shop
400 Reed Rd.
Broomall, PA 19008

Howard Cohen, President
H.R. Reed Road, LP C/O The Iron Shop
400 Reed Rd.
Broomall, PA 19008

Howard Cohen, President
H.R. Sarasota LLC
400 Reed Rd.
Broomall, PA 19008

Allen J. Cohen, President
Penmawr LLC C/O The Iron Shop
400 Reed Rd.
Broomall, PA 19008

Allen Cohen
827 Castlefinn Ln.
Bryn Mawr, PA        19010

Susan Cohen
827 Castlefinn Ln.
Bryn Mawr, PA 19010

Howard Cohen
245 Valley Ridge Rd.
Haverford, PA 19041

Eileen Cohen
245 Valley Ridge Rd.
Haverford, PA 19041

Ronald Cohen
204 Lindbergh Ave.
Broomall, PA 19008

Barbara Cohen
204 Lindbergh Ave.
Broomall, PA 19008

Samuel Cohen
1 Tyson Terrace
Lafayette Hill, PA 19444

Janet Cohen
1 Tyson Terrace
Lafayette Hill, PA 19444

Re:    Request to Discharge Bond Exposure and Demand for Collateral

Dear Mr. Cohen:

On September 28th, 2016, M. Cohen and Sons Inc. and the above referenced
individuals/Company's (hereinafter, the "Indemnitor"), executed a General Agreement of
Indemnity (hereinafter, the "GAI") in consideration for Aspen American Insurance Company
(hereinafter, "Aspen") providing the Indemnitor with surety bonds.  Pursuant to Paragraph 3
of the GAI, Aspen has the right, at its sole discretion, to demand full discharge and release of
all of its outstanding bonds, and to further require that the Indemnitor provide Aspen with
collateral sufficient to cover any and all undischarged liability under said bonds.  The
relevant portion of the above-referenced paragraph states in pertinent part, as follows:

1

EXHIBIT

tabbies

D

**Additional Indemnity Terms.** The Indemnitors shall remain bound under the terms of this Agreement even if Surety, with or without notice to or knowledge of Indemnitors, may have accepted or released other agreements of indemnity or collateral from one or more Indemnitors or others. The rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to any and all other rights, powers and remedies which Surety may have or acquire against Indemnitors or others by operation of law or otherwise. Unless expressly stated to the contrary, this Agreement is not intended to and shall not be deemed to supersede any other indemnity agreement between one or more Indemnitors and Surety. Upon Surety's written demand, Indemnitors shall promptly deposit with Surety a clean, irrevocable letter of credit ("ILOC") on a form and from a bank acceptable to Surety, or shall provide another form of collateral acceptable to Surety (individually and collectively, the "Collateral") in the amount of any reserve Surety establishes for any existing liability or claim, and or any expenses associated therewith, whether or not any assertion or payment of such liability, claim, or expense has been made at the time of the Surety's demand. **Further, Indemnitors expressly and specifically agree that Surety in its sole discretion and for any reason may by written demand require Indemnitors to secure within thirty (30) days the full and complete discharge of any and all Bonds ("Discharge Demand"). Within thirty-seven (37) days of Surety's Discharge Demand, Indemnitors shall provide to Surety Collateral as defined herein in the amount representing the total of any undischarged liability under the Bonds as determined by the Surety in its sole discretion.** In the event of any increases in Surety's undischarged liability, Indemnitors shall supplement the Collateral to match the increase.

Surety shall have no obligation to release any Collateral provided to Surety, or remit to Indemnitors any interest or proceeds therefrom until Surety has received written releases or other documentation in form and substance satisfactory to Surety with respect to the discharge of Surety's obligations on all Bonds. Surety may apply the Collateral to any premium due, loss, cost and/or expense provided for in this Agreement. To the fullest extent allowed by law, Indemnitors waive any and all defenses or challenges to the provision of collateral pursuant to this Agreement. Indemnitors further expressly stipulate and agree that Surety will have no adequate remedy at law should Indemnitors fail to post any collateral required herein, and agree that Surety is entitled to specific performance of the obligation to post collateral. (emphasis added)

In light of the above, Aspen hereby invokes its right, as set forth in Paragraph 3 of the GAI, and demands that, within thirty (30) days of receipt of this letter, the Indemnitor secure the full and complete discharge of all bonds which Aspen has provided on its behalf. The total and active exposure on said bonds is **FOUR HUNDRED EIGHTY TWO THOUSOUND SEVENTY EIGHT AND 42/100 ($482,078.42) DOLLARS.** Presently, there are TWO (2) open and active bonds. Within thirty-seven (37) days of your receipt of this letter, the Indemnitor must provide collateral to Aspen in the total amount of all undischarged liability under said bonds. In furtherance of this demand, the collateral must be in the form of an evergreen, irrevocable letter of credit, naming Aspen American Insurance Company as Beneficiary thereunder.

2

Please be aware that, in the event that the Indemnitor fails and, or refuses to comply with this demand, Aspen will be left with no choice but to immediately pursue any and all remedies available to it under the GAI, in order to protect its rights and interests.

For your convenience, please reference the following documentation, which is attached hereto:

- A copy of the executed General Agreement of Indemnity, dated September 28th, 2016;
- Copies of the Aspen bonds upon which there is open and active exposure;
- An example of the bond release language that the Principal is required to obtain from the Obligee for each Aspen bond that is replaced; and
- A template for the evergreen, irrevocable Letter of Credit that is required by Aspen to secure any and all undischarged bond liability.

Finally, please note that nothing contained in this letter can be construed in any way to waive or prejudice the rights and interests of Aspen, which are hereby specifically reserved.

Very truly yours,

Robert K. Grennan
Vice President, Surety Claim Counsel
Aspen Insurance Group
175 Capital Boulevard| Suite 100| Rocky Hill, CT 06067
Bob.Grennan@Aspen-Insurance.com
W – 860-393-2261   C – 860-256-5641

3



ASPEN

General Agreement
Of Indemnity  (GAI D)
("Agreement")

ASPEN AMERICAN INSURANCE COMPANY
Aspen Specialty Insurance Company
Rocky Hill, Connecticut 06067

This Agreement is entered into effective as of the 28ᵗʰ day of Septh 2016 by each of the undersigned indemnitors, for itself and for and on behalf of all of its subsidiary and affiliated companies, entities, divisions, and/or operating units, related limited liability companies, partnerships, and other business ventures or entities, however denominated, whether alone or in joint venture with others, wherever located and however structured or named, whether or not named herein or signing below, and whether created before or after the date of this Agreement, all as if they were named herein and had signed below, and their successors and assigns, whether the succession or assignment occurs voluntarily or by operation of law (individually "Indemnitor" or "Bond Principal" and collectively "Indemnitors" or "Bond Principals") in favor of Aspen American Insurance Company, Aspen Specialty Insurance Company, their successors and or assigns, and any co-surety, reinsurer, and/or any other company which may execute any Bond on behalf of one or more Indemnitors at the request of the Aspen sureties named herein (individually or collectively "Surety").

WHEREAS an Indemnitor, in fulfillment of requirements imposed upon it or to further its business interests, may desire to be required to execute, give, or procure surety bonds, undertakings, guarantees, and other obligations, including any bond(s) predating this Agreement ("Bond" or "Bonds"), and has requested or may request Surety to write such Bonds, or to renew, continue, and/or refrain from canceling Bonds, whether in its own name or one of its subsidiary or affiliated companies, entities, divisions or operating units, alone or in concert with others.

NOW THEREFORE, in consideration of Surety executing, renewing, continuing, and/or refraining from canceling Bonds for the benefit of any Indemnitor, including all of its present and/or future owned and or controlled subsidiaries and affiliates, entities, divisions, and/or operating units, whether alone or in joint venture with others, and whether or not named herein, and their successors and assigns, Indemnitors agree as follows:

1.  Payment and Cooperation. Indemnitors shall pay or cause to be paid to Surety promptly when due all agreed premium amounts. Indemnitors shall cooperate with Surety and provide Surety copies of requested documents as well as access to Indemnitors' books, records, personnel, and properties, to allow Surety to: a) analyze, assess, and/or underwrite proposed bonds; b) investigate any claims against any Bonds and/or to c) investigate at any time and as often as Surety deems appropriate, the Indemnitors' compliance with and/or status of performance of Indemnitors' obligations under this Agreement and the Bonds.

2.  Indemnity. Indemnitors shall indemnify the Surety and save it harmless from and against any and all liabilities, claims, demands, payments, losses, damages, expenses, and costs to investigate and/or resolve claims which Surety may at any time incur or pay by reason of or arising out of its execution or non-execution of any Bonds. Indemnitors shall place the Surety in funds to meet all of its liability under any Bond, promptly upon written request and before the Surety may be required to make any payment thereunder. The duty to indemnify and hold harmless also includes, without limitation, payment of Surety's losses, attorney's fees and expenses, and consultant's fees and disbursements incurred and/or paid with respect to any Bond: a) to investigate and/or resolve claims against the Bonds; b) in any action or proceeding between Indemnitors and Surety; and or c) in any action or proceeding between Surety and any third party. The duty to indemnify and hold harmless exists whether or not the claim is made against Surety as a joint and/or several obligor and whether or not Indemnitors or any of them is then liable to or demanded to make a payment. A copy of the claim, demand, voucher, invoice, and/or other evidence of the potential liability of and/or payment by the Surety shall be prima facie evidence of the fact and amount of Indemnitors' liability to Surety under this Agreement.

3.  Additional Indemnity Terms. The Indemnitors shall remain bound under the terms of this Agreement even if Surety, with or without notice to or knowledge of Indemnitors, may have accepted or released other agreements of indemnity or collateral from one or more Indemnitors or others. The rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to any and all other rights, powers and remedies which Surety may have or acquire against Indemnitors or others by operation of law or otherwise. Unless expressly stated to the contrary, this Agreement is not intended to and shall not be deemed to supersede any other indemnity agreement between one or more Indemnitors and Surety. Upon Surety's written demand, Indemnitors shall promptly deposit with Surety a clean, irrevocable letter of credit ("ILOC") on a form and from a bank acceptable to Surety, or shall provide another form of collateral acceptable to Surety (individually and collectively, the "Collateral") in the amount of any reserve Surety establishes for any existing liability or claim, and or any expenses associated therewith, whether or not any assertion for payment of such liability, claim, or expense has been made at the time of the Surety's demand. Further, Indemnitors expressly and specifically agree that Surety in its sole discretion and for any reason may by written demand require Indemnitors to secure within thirty (30) days the full and complete discharge of any and all Bonds ("Discharge Demand"). Within thirty-seven (37) days of Surety's Discharge Demand, Indemnitors shall provide to Surety Collateral as defined herein in the amount representing the total of any undischarged liability under the Bonds as determined by the Surety in its sole discretion. In the event of any increase in Surety's undischarged liability, Indemnitors shall supplement the Collateral to match the increase.

Surety shall have no obligation to release any Collateral provided to Surety, or remit to Indemnitors any interest or proceeds therefrom, until Surety has received written releases or other documentation in form and substance satisfactory to Surety with respect to the discharge of Surety's obligations on all Bonds. Surety may apply the Collateral to any premium due, loss, cost and/or expense provided for in this Agreement. To the fullest extent allowed by law, Indemnitors waive any and all defenses or challenges to the provision of collateral pursuant to this Agreement. Indemnitors further expressly stipulate and agree that Surety will have no adequate remedy at law should Indemnitors fail to post any collateral required herein, and agree that Surety is entitled to specific performance of the obligation to post collateral.

4.  Defects. If any intended indemnitor fails to execute this Agreement, or if the execution hereof by any Indemnitor shall be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any Indemnitor executing this Agreement.

5.  Claim Resolution. Surety, in its sole discretion, shall have the right to resolve any claim, demand, and or assertion of liability arising out of a Bond, including claims in litigation or in another dispute resolution forum. Surety's resolution of any such claim shall be final and binding upon the Indemnitors. Indemnitors shall promptly reimburse Surety upon written demand for any payment by Surety arising from any Bond.

6.  Attorney-In-Fact. Indemnitors irrevocably appoint and designate Surety as their attorney-in-fact to execute and to deliver any assignments, documents, agreements, instruments, and/or other documents Surety deems necessary and/or prudent to enforce Surety's rights under this Agreement.

7.  Declined Bonds. Surety may decline at any time to execute any bond and Indemnitors shall make no claim to the contrary, regardless of any indication Surety may have expressed to Indemnitors or anyone else about Surety's intention to write any declined bond.

Page 1 of 5

8.  Changes, Waiver of Notice. Surety is authorized and empowered, without notice to or knowledge of Indemnitors, to assent to any change whatsoever in Bonds and/or the contracts or obligations underlying any Bonds, including but not limited to changes in the time for performance and any continuations, extensions or renewals of Bonds, the execution of any substitute or substitutes therefor with the same or different conditions, provisions and obligees, and with the same or larger or smaller penalties. Indemnitors specifically and expressly agree that they shall remain bound under the terms of this Agreement even though any such assent by Surety does or might substantially increase the liability of the Indemnitors. Indemnitors expressly waive any claim of entitlement to notice of: a) the execution of Bonds; b) acceptance of this Agreement; c) default under the Bonds or this Agreement; and/or d) any acts giving rise to or constituting a bond claim or liability of Surety under the Bonds.

9.  Prospective Termination. This Agreement may be terminated with respect to an Indemnitor only to a limited extent, as follows: a) by a written notice from such Indemnitor b) effective thirty (30) days after receipt by Surety of such notice from Indemnitor sent by registered mail to Surety's offices at: Aspen American Insurance Company, 175 Capital Boulevard, Rocky Hill, Connecticut 06067, ATTN: Surety, or such other address Surety may in writing provide for this purpose; and c) subject to the conditions that: i) a notice of termination shall not operate to release, terminate, modify, limit, or otherwise discharge or reduce such Indemnitor's obligations to Surety for Bonds Surety executes or approves prior to the effective date of termination under this provision; ii) termination is effective only as to such Indemnitor providing written notice of termination in accordance with this paragraph; and iii) termination has no effect upon the obligations of the other Indemnitors under this Agreement.

10. Severability. If any provision(s) of this Agreement shall be declared void or unenforceable for any reason, this Agreement shall not be rendered void thereby, but to the fullest extent allowed by law shall be construed and enforced with the same effect as though such provision(s) were omitted.

11. Choice of Law and Forum. It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed, and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. Indemnitors agree that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consent to the personal jurisdiction and venue of any local, state or federal court located therein.

12. Security Interest and Agreement. This Agreement constitutes both a Security Agreement and Financing Statement in favor of Surety under the Uniform Commercial Code (the "UCC") and all similar laws without in any way abrogating, restricting, or limiting Surety's rights, whether under this Agreement, at law or in equity. Upon the occurrence of a default by any or all Indemnitors under this Agreement or one or more of the Bonds, and/or a declaration of a default by one obligee on one or more Bonds, Surety is hereby authorized without notice to Indemnitors to perfect its rights under the UCC and other applicable laws by filing a copy of this Agreement and/or other required documents. Indemnitors further agree to execute and deliver such other documents upon Surety's request to permit the perfection of Surety's security interest.

13. Assignment. Upon the occurrence of a default by any or all Indemnitors under this Agreement or one or more Bonds, and/or a declaration of a default by an obligee on one or more Bonds, Indemnitors hereby assign, transfer, and convey to Surety all of their rights, title and interest in Indemnitors' property, wherever located, including but not limited to: proceeds and products, goods, accounts, equipment, instruments, chattel paper, deposit accounts, securities, letters of credit, commodity accounts or contracts, rights to payment of money under contracts, and general intangibles, permits, licenses, conveyors, equipment, rolling stock, contracts, claims and rights under contracts, insurance policies and/or surety bonds, ("Property"). Surety shall have the right, but not the obligation, to: a) take possession of any Property and/or work under any contract underlying the Bonds; b) take possession of and use equipment, permits, licenses, records, and other Property; to investigate and/or fulfill any obligations under any Bonds and/or this Agreement; c) assert or settle claims in the name of one or more Indemnitors; and d) execute documents in the name of Indemnitors to fulfill or pursue obligations under the Bonds and/or this Agreement.

14. Joint and Several Obligations. Each Indemnitor is jointly and severally bound by the terms and conditions herein, whether or not each has executed this Agreement separately or has signed in a representative capacity.

15. Electronic Transmission, Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original but all of which together shall constitute one instrument. Each counterpart may consist of a number of copies hereof, each signed by less than all, but together signed by all Indemnitors. This Agreement bearing the signature of the Indemnitors shall be valid, effective, and enforceable whether received by the Surety as an original or as an electronic or facsimile transmission.


IN WITNESS WHEREOF, Indemnitors have signed this Agreement effective as of the date stated above in the first paragraph of this Agreement.

Signing Instructions: Corporate Indemnitors must sign by both the corporate secretary and another corporate officer; Limited Liability Companies must sign by the managing member(s) or official(s); Partnerships must sign by a managing partner; Individuals must sign individually.

Each of the undersigned hereby expressly represents and affirms to Surety with respect to any business entity in whose behalf he or she is executing this Agreement as an Indemnitor that he or she: 1) is a corporate secretary or duly authorized officer, manager, official, or partner of the business entity; 2) is familiar with the documents setting forth and establishing the rights governing the affairs, powers, and authority of such business entity including, as applicable, the certificate or articles of incorporation or organization, bylaws, corporate resolutions, partnership, and/or limited liability agreements of the business entity; 3) has reviewed all such applicable documents and instruments and such other facts deemed appropriate; 4) has established for himself or herself that the business entity has the power and authority to enter into this Agreement for its intended purposes, and 5) is duly authorized by the business entity to execute this Agreement on its behalf. Complete Below Where Applicable

Indemnitor #1.
CORPORATE INDEMNITOR: M, Cohen and Sons, Inc. T/A The Iron Shop

M, Cohen and Sons, Inc., for itself and for and on behalf of all of its subsidiary and affiliated companies, entities, divisions, and or operating units, related limited liability companies, partnerships, and any other business venture or entity, however denominated, whether alone or in joint venture with others, wherever located and however structured or named, whether or not named herein, and whether created before or after the date of this Agreement, as if they were named herein and had signed below, and their successors and assigns, whether the succession or assignment occurs voluntarily or by operation of law.

Tax ID #:
Address: 400 Reed Road
Broomall, PA 19008

By: _____          (Seal)          First of two required signatures

Name: ALLEN J. COHEN
Title: PRESIDENT

By: _____                        Second of two required signatures

Name: SAMUEL COHEN
Title: S.V.P.

ACKNOWLEDGMENT                        COMMONWEALTH OF PENNSYLVANIA

State of Pennsylvania                        NOTARIAL SEAL
County of Montgomery                    BARBARA COULL EMERY
                                                            Notary Public
                                                            LOWER MERION TWP. MONTGOMERY COUNTY
                                                            My Commission Expires Oct 12, 2018

On this 28th day of Sept., 2016, before me personally appeared Allen Cohen to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the _____ of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein; c) knows the seal of said Corporate Indemnitor; d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

ACKNOWLEDGMENT                        COMMONWEALTH OF PENNSYLVANIA

State of Pennsylvania                        NOTARIAL SEAL
County of Montgomery                    BARBARA COULL EMERY
                                                            Notary Public
                                                            LOWER MERION TWP. MONTGOMERY COUNTY
                                                            My Commission Expires Oct 12, 2018

On this 29th day of Sept, 2016, before me personally appeared Samuel Cohen to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the S.V.P. of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein; c) knows the seal of said Corporate Indemnitor; d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

INDIVIDUAL INDEMNITOR: Allan Cohen                        Indemnitor #2

                                                            Social Security Number:

Name: Allen Cohen                        COMMONWEALTH OF PENNSYLVANIA
Address: 827 Castlefinn Lane                    NOTARIAL SEAL
         Bryn Mawr, PA, 19010                    BARBARA COULL EMERY
                                                            Notary Public
INDIVIDUAL ACKNOWLEDGEMENT        LOWER MERION TWP. MONTGOMERY COUNTY
                                                            My Commission Expires Oct 12, 2018
State of Pennsylvania
County of Montgomery

On this 28th day of Sept, 2016, before me personally appeared Allen Cohen to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

_____
(Signature of Notary Public)
My Commission expires: 10/12/2018

INDIVIDUAL INDEMNITOR: Susan Cohen                          Indemnitor #3

Name: Susan Cohen                          Social Security Number:
Address: 827 Castleton Lane
         Bryn Mawr, PA, 19010

State of Pennsylvania                  INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

          On this 28 day of Spt, 2016, before me personally appeared SUSAN COHEN to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                        Barbara Coull Emery
                                        (Signature of Notary Public)
                                        My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018


INDIVIDUAL INDEMNITOR: Howard Cohen                          Indemnitor #4

Name: Howard Cohen                          Social Security Number:
Address: 245 Valley Ridge Road
         Haverford, PA, 109041

State of Pennsylvania                  INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

          On this 29th day of Sept, 2016, before me personally appeared HOWARD COHEN to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                        Barbara Coull Emery
                                        (Signature of Notary Public)
                                        My Commission expires: 10/12/2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018


INDIVIDUAL INDEMNITOR: Eileen Cohen                          Indemnitor #5

Name: Eileen Cohen                          Social Security Number:
Address: 245 Valley Ridge Road
         Haverford, PA, 109041

State of Pennsylvania                  INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

          On this 29th day of Sept, 2016, before me personally appeared EILEEN COHEN to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

                                        Barbara Coull Emery
                                        (Signature of Notary Public)
                                        My Commission expires: 10/12/2018

INDIVIDUAL INDEMNITOR: Ronald Cohen                    Indemnitor #6

Name: Ronald Cohen                         Social Security Number:
Address: 204 Lindbergh Avenue
        Broomall, PA 109041

State of Pennsylvania          INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

On this 29th day of Sept, 2016, before me personally appeared RONALD COHEN, to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

Barbara Coull Emery
(Signature of Notary Public)
My Commission expires: 10/12/2018

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018
```

INDIVIDUAL INDEMNITOR: Barbara Cohen                    Indemnitor #7

Name: Barbara Cohen                        Social Security Number:
Address: 204 Lindbergh Avenue
        Broomall, PA 109041

State of Pennsylvania          INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

On this 29th day of Sept, 2016, before me personally appeared BARBARA COHEN, to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

Barbara Coull Emery
(Signature of Notary Public)
My Commission expires: 10/12/2018

INDIVIDUAL INDEMNITOR: Samuel Cohen                    Indemnitor #8

Name: Samuel Cohen                         Social Security Number:
Address: 1 Tyson Terrace
        Lafayette Hill, PA 19444

State of Pennsylvania          INDIVIDUAL ACKNOWLEDGEMENT

County of Montgomery

On this 29th day of Sept, 2016, before me personally appeared SAMUEL COHEN, to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

Barbara Coull Emery
(Signature of Notary Public)
My Commission expires: 10/12/2018

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018
```

INDIVIDUAL INDEMNITOR: Janet Cohen                    Indemnitor #9

*Janet Cohen*                                          Social Security Number:

Name: Janet Cohen
Address: 1 Tyson Terrace
Lafayette Hill, PA 19444

INDIVIDUAL ACKNOWLEDGEMENT

State of *Pennsylvania*
County of *Montgomery*

On this 29th day of Sept, 20 16, before me personally appeared JANET COHEN to me known or proven to be the person described in and who executed the above Agreement and acknowledged that he or she executed said Agreement for the purposes, considerations and uses therein set forth as his or her free and voluntary act and deed.

In witness whereof, I have set my hand and affixed my official seal on the day and year above written.

*Barbara Coull Emery*
(Signature of Notary Public)
My Commission expires: 10/12/2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

---

LIMITED LIABILITY COMPANY INDEMNITOR: H.R. Sarasota LLC               Indemnitor #10

Tax ID #: 20-1390240
Address:

By: *Howard Cohen*
Name: HOWARD COHEN
Title: PRESIDENT

ACKNOWLEDGMENT

State of

County of

On this 29th day of Sept, 2016, before me personally appeared HOWARD COHEN, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the PRESIDENT of Limited Liability Company Indemnitor (the "LLC"): b) executed the above Agreement on behalf of the LLC as the free and voluntary act and deed of said LLC for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the LLC.

*Barbara Coull Emery*
(Signature of Notary Public)
My Commission expires: 10/12/2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

---

LIMITED LIABILITY COMPANY INDEMNITOR: Penmawr-FLA, LLC               Indemnitor #11

Tax ID #: 20-1390079
Address:

By:
Name: ALLEN COHEN
Title: PRESIDENT

ACKNOWLEDGMENT

State of *Pennsylvania*
County of *Montgomery*

On this 28th day of Septem, 2016, before me personally appeared ALLEN COHEN, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the Member of Limited Liability Company Indemnitor (the "LLC"); b) executed the above Agreement on behalf of the LLC as the free and voluntary act and deed of said LLC for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the LLC.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

PARTNERSHIP INDEMNITOR: H.R. Reed Road, L.P.          Indemnitor #12
By: Howard Reed Road, LLC and Ronald Reed Road, LLC, General Partners

Tax ID #:16-1622917
Address:

By: _Howard Cohen_
Name: HOWARD COHEN
Title: PRESIDENT

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

ACKNOWLEDGMENT

State of Pennsylvania
County of Montgomery

On this 29 day of Sept, 20 16, before me personally appeared HOWARD COHEN, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the PRESIDENT of Partnership Indemnitor b) executed the above Agreement on behalf of the Partnership Indemnitor as the free and voluntary act and deed of said Partnership Indemnitor for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the Partnership Indemnitor.

_Barbara Coull Emery_
(Signature of Notary Public)
My Commission expires: 10/12/2018

ACKNOWLEDGMENT

State of
County of

On this ____ day of ____, 20 ____, before me personally appeared ____, to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the ____ of Partnership Indemnitor b) executed the above Agreement on behalf of the Partnership Indemnitor as the free and voluntary act and deed of said Partnership Indemnitor for the uses and purposes stated therein; and c) that he or she signed his or her name thereto under the express authority of the Partnership Indemnitor.

_____
(Signature of Notary Public)
My Commission expires:

PARTNERSHIP INDEMNITOR: Pennmawr, L.P.          Indemnitor #13
By: Pennmawr Corp., Sole General Partner

Tax ID #:47-0872404
Address:

By: _____
Name: ALLEN COHEN
Title: PRESIDENT

ACKNOWLEDGMENT

State of Pennsylvania
County of Montgomery

On this 28th day of Sept, 20 16, before me personally appeared ALLEN COHEN to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the PRESIDENT of Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein c) knows the seal of said Corporate Indemnitor d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor and e) that he or she signed his or her name thereto by like order.

_Barbara Coull Emery_
(Signature of Notary Public)

State of _Pennsylvania_

County of _Montgomery_

ACKNOWLEDGMENT

My Commission expires: _10/12/2018_

On this 28th day of _Sept._, 20 16 , before me personally appeared _COHEN_ to me known or proven to be the person represented, who being by me duly sworn, deposes and says that he or she: a) is the _Pres._/Chief Corporate Indemnitor ; b) executed the above Agreement on behalf of the Corporate Indemnitor as the free and voluntary act and deed of said Corporate Indemnitor for the uses and purposes stated therein c) knows the seal of said Corporate Indemnitor, d) on oath stated that the seal affixed thereto is such seal and that it was so affixed by the order of the Board of Directors or controlling authority of said Corporate Indemnitor; and e) that he or she signed his or her name thereto by like order.

_Barbara Coull Emery_
(Signature of Notary Public)
My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA COULL EMERY
Notary Public
LOWER MERION TWP, MONTGOMERY COUNTY
My Commission Expires Oct 12, 2018

Bond #SU52453

IN THE MATTER THE APPLICATION OF
M. COHEN AND SONS, INC.  PETITIONER,

TO DISCHARGE A CERTAIN PUBLIC IMPROVEMENT LIEN FILED BY
SUPERIOR STEEL DOOR & TRIM, CO. , INC.

KNOW ALL MEN BY THESE PRESENTS, That we,  __M.Cohen and Sons, Inc.__   as
Principal and  __Aspen American Insurance Company,__  a corporation organized under
the laws of the State of Texas,  having an office and place of business at 175 Capital
Blvd., Rocky Hill, Ct · 06067, and duly authorized to transact business under the laws of
the State of New York, as Surety, are held and firmly bound unto METROPOLITAN
TRANSPORTATION AUTHORITY, as Obligee in the sum of  __Three Hundred
Eighty Five Thousand Six Hundred Thirty Three and 52/100 ($385,633.52)
DOLLARS,__ lawful money of the United States, for payment of which well and truly to
be made, to said Obligee, his successors or assigns, jointly and severally, firmly by these
presents with respect to property situated at Contract No. C-26010: Station Finishes,
Mechanical, Electrical and Plumbing and Ancillary Buildings and Entrances for the
Construction of the New Second Avenue Subway 96th Street Station, Borough of
Manhattan.

SEALED WITH OUR SEALS, and dated this 2nd day of May, 2017.

WHEREAS Superior Steel Door & Trim Co., Inc.  filed notice of Public Improvement
Lien in the sum of Three Hundred Fifty Thousand Five Hundred Seventy Five and
93/100 ($350,575.93) DOLLARS on the 14th day of April , 2017 .

WHEREAS, pursuant to Section 19 of the New York Lien Law, the aforesaid notice of
Public Improvement Lien may be discharged by the filing of a surety bond conditioned
for the payment of any judgment that may be rendered against the property for the
enforcement of the lien in the penal sum not less than one hundred ten percent of the lien.

NOW, THEREFORE, the condition of this obligation is such that if the above bounden
M. Cohen and Sons, Inc., its successors and assigns shall well and truly pay any
judgment which may be rendered against said property for the enforcement of said lien
not exceeding the sum of Three Hundred Eighty Five Thousand Six Hundred Thirty
Three and 52/100 ($385,633.52) DOLLARS, then this obligation shall be void:
otherwise to remain in full force and effect.

M. Cohen and Sons, Inc.                    Aspen American Insurance Company
            PRINCIPAL                                           SURETY

BY:_____             BY:_____
                                              Steven M Vitorino, Attorney-in-Fact



**A S P E N**

Aspen American Insurance Company
175 Capital Boulevard
Rocky Hill, CT 06067

**SUBDIVISION
PERFORMANCE
BOND**
(Annual Premium until Released by Obligee)

Bond No.: SU52455

KNOW ALL PERSONS BY THESE PRESENTS, That we, M. Cohen & Sons, Inc. called the Principal, and Aspen American Insurance Company, a Texas corporation, called the Surety, are held and firmly bound unto Marple Township, called the Obligee, in the sum of Ninety Six Thousand Four Hundred Forty Four Dollars and 90/100 ( $96,444.90 ) for the payment thereof said Principal and Surety bind themselves, jointly and severally, as provided herein.

WHEREAS, in order to file a plat or subdivision map, or to obtain a permit, the Principal has entered into a contract with the Obligee which requires the Principal make certain improvements to the land as more particularly set forth in 396 & 400 Reed Road (hereinafter referred to as the "Contract").

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall construct the improvements described in the Contract on or before August 31, 2018 (or within such further extensions of time that shall be granted by Obligee in writing and consented to in writing by Surety), then this obligation shall be void, otherwise to remain in full force and effect. This obligation is subject to the following conditions:

1. This bond runs to the benefit of the named Obligee only, and no other person shall have any rights under this bond. No claim shall be allowed against this bond after the expiration of one year from the date set forth in the preceding paragraph, or one year from the end of the latest extension of time consented to in writing by Surety, whichever occurs last. If the limitation set forth in this bond is void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

2. This bond is not a forfeiture obligation, and in no event shall the Surety's liability exceed the reasonable cost of completing the improvements described in the Contract not completed by the Principal, or the sum of this bond, whichever is less.

Signed this 19th day of January , 2018

(Principal)

By: _____

Aspen American Insurance Company

By: _Gail M. Perrin_____
                    Gail M. Perrin , Attorney-in-Fact



ASPEN

Aspen American Insurance Company
175 Capital Boulevard, Rocky Hill, CT 06067

## POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS, THAT Aspen American Insurance Company, a corporation duly organized under the laws of the State of Texas, and having its principal offices in Rocky Hill, Connecticut, (hereinafter the "Company") does hereby make, constitute and appoint: **Steven M. Vitorino; Shelly L. Andrade; Gail M. Perrin of USI Insurance Services LLC** its true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge on behalf of the Company, at any place within the United States, the following instrument(s) by his/her sole signature and act: any and all bonds, recognizances, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto, and to bind the Company thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Company. All acts of said Attorney(s)-in-Fact done pursuant to the authority herein given are hereby ratified and confirmed.

This appointment is made under and by authority of the following Resolutions of the Board of Directors of said Company effective on April 7, 2011, which Resolutions are now in full force and effect;

VOTED: All Executive Officers of the Company (including the President, any Executive, Senior or Assistant Vice President, any Vice President, any Treasurer, Assistant Treasurer, or Secretary or Assistant Secretary) may appoint Attorneys-in-Fact to act for and on behalf of the Company to sign with the Company's name and seal with the Company's seal, bonds, recognizances, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said Executive Officers at any time may remove any such appointee and revoke the power given him or her,

VOTED: The foregoing authority for certain classes of officers of the Company to appoint Attorneys-in-Fact by virtue of a Power of Attorney to sign and seal bonds, recognizances, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, as well as to revoke any such Power of Attorney, is hereby granted specifically to the following individual officers of Aspen Specialty Insurance Management, Inc.:

**Michael Toppi, Executive Vice President, Scott Sadowsky, Senior Vice President, Kevin W. Gillen, Senior Vice President, Mathew Raino, Senior Vice President, Ryan Field, Senior Vice President; Timothy P. Griffin, Vice President, Casey Sullivan, Vice President, Keith Flannery, Vice President, Mary M. Durosko, Vice President, Frank Camplglia, Vice President and Ray Philippon, Assistant Vice President.**

This Power of Attorney may be signed and sealed by facsimile (mechanical or printed) under and by authority of the following Resolution voted by the Boards of Directors of Aspen American Insurance Company, which Resolution is now in full force and effect:

VOTED: That the signature of any of the Officers identified by title or specifically named above may be affixed by facsimile to any Power of Attorney for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any and all consents incident thereto, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company. Any such power so executed and certified by such facsimile signature and/or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking so executed.

IN WITNESS WHEREOF, Aspen American Insurance Company has caused this instrument to be signed and its corporate seal to be hereto affixed this 27th day of February, 2017.

STATE OF CONNECTICUT

COUNTY OF HARTFORD    SS. ROCKY HILL

Aspen American Insurance Company

Keith Flannery, Vice President

On this 27th day of February, 2017 before me personally came Keith Flannery, Vice President to me known, who being by me duly sworn, did depose and say; that he/she is Assistant Vice President of Aspen American Insurance Company, the Company described in and which executed the above instrument; that he/she knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; and that he/she executed the said instrument on behalf of the Company by authority of his/her office under the above Resolutions thereof.

Notary Public

My commission expires:  December 7, 2020

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Robin S. Kananskle
West Whiteland Twp, Chester County
My Commission Expires 12/07/2020

## CERTIFICATE

I, the undersigned, **Keith Flannery**, of Aspen American Insurance Company, a stock corporation of the State of Texas, do hereby certify that the foregoing Power of Attorney remains in full force and has not been revoked; and furthermore, that the Resolutions of the Boards of Directors, as set forth above, are now and remain in full force and effect.

Given under my hand and seal of said Company, in Rocky Hill, Connecticut, this 9th day of January , 2018

By    Name:  Keith Flannery, Vice President

\* For verification of the authenticity of the Power of Attorney you may call (860) 760-7728 or email: Patricia.Taber@aspen-insurance.com



## REPLACEMENT BOND INSTRUCTIONS

      The following instructions, which contain the Acceptance, along with the Release and Discharge language, should be forwarded to the replacement bond surety for insertion of said language directly into the bonds which will be replacing the bonds of Aspen American Insurance Company:

**ACCEPTANCE LANGUAGE** (to be included directly on the replacement bond):

"_____, the duly authorized _____ of the Obligee herein accepts
     (Name)                      (Title)
this bond as a replacement for the bond that was previously provided to it by Aspen American Insurance Company.

By: _____      Date: _____"

## RELEASE AND DISCHARGE LANGUAGE

The following paragraph should be included in and made a part of the replacement bond:

"Pursuant to its acceptance of this replacement bond, _____, the Obligee herein certifies that Aspen American Insurance Company ("AAIC") is fully released and discharged, and exonerated, of any past, present or future obligation it may have under bond number; _____ (the released AAIC bond). It is further agreed that this obligation and liability is in replacement of, and not in supplementation to, said released bond."

BANK LETTERHEAD (Issuing Bank)

### CLEAN IRREVOCABLE LETTER OF CREDIT

TO:  Beneficiaries:
**Aspen American Insurance Company**, for itself, and on behalf of its parents, affiliates, subsidiaries, successors and assigns
175 Capital Boulevard
Rocky Hill, Connecticut 06067
Attn: SURETY

Applicant: _____        Expiration Date: _____

_____

_____

Ladies and Gentlemen:

We hereby establish this CLEAN, IRREVOCABLE LETTER OF CREDIT ("Credit") in your favor as Beneficiaries (referred to herein as "you" or "your") and authorize you to draw on us up to the aggregate amount of        .        United States Dollars ($        ) effective immediately. This Credit is issued, presentable and payable at our offices at:
                              (insert the issuing Bank's address here – *must be a US address*). After this Credit has been issued, it cannot be revoked, amended or reduced without your written acknowledgment and consent.

The term "Beneficiaries" includes any successor by operation of law of the named Beneficiaries including, without limitation, any liquidator, rehabilitator, receiver or conservator.

We hereby undertake to fully and promptly honor each of your sight drafts drawn on us under this Credit, for all or any part of this Credit, if presented to us at our office identified in the first paragraph above on or before the close of business on the expiration date of or any automatically extended expiration date. If you so choose, you will be able to draw on this Credit more than once, without amendment, provided that the sum of the amounts that you have drawn does not exceed the full amount of this Credit.

This Credit sets forth in full the terms of our undertaking, and such undertaking shall not in any way be modified, amended or amplified by reference to any note, document, instrument or agreement referred to herein or in which this Credit is referred to or to which the Credit relates and any such reference shall not be deemed to be incorporated herein by reference. Our obligation as issuing bank under this Credit is not subject to any condition or qualification, is our sole, individual obligation, and is in no way contingent upon reimbursement with respect thereto or upon our ability to perfect any lien, security interest or any other reimbursement.

It is a condition of this Credit that it shall be deemed to be automatically extended, without amendment, for successive one year periods from the stated expiration date, or any future expiration date, unless we have notified you in writing by registered mail or overnight mail carrier, not less than sixty (60) days prior to the then applicable expiration date, that we elect not to renew this Credit. In that event, you may draw your sight draft on us under this Credit on or before the close of business on the then applicable expiration date, up to the full amount then available under this Credit. Our notice of election not to renew shall be sent by registered mail or overnight mail carrier to: Aspen American Insurance Company, 175 Capital Boulevard, Rocky Hill, Connecticut 06067, Attn: SURETY.

We hereby represent and affirm that the execution of this Credit will not constitute a violation of any law or regulation which may limit the amount of credit which can be extended by this bank to any single borrower or customer.

This Credit is subject to and governed by the Uniform Customs and Practice for Documentary Credits (2007 Revision), International Chamber of Commerce Publication No. 600, with the exception that, and notwithstanding the language of Article 36 of said Publication 600, if this Credit expires during an interruption of business as described in said Publication 600, we agree to effect payment on this Credit if drawn against within thirty (30) calendar days after the place for presentation reopens for business.

Sincerely,

(ISSUING BANK)

By: _____
Name:
Title:
Duly Authorized Signatory
Phone: